UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDIN ELEAZAR QUINONEZ OROSCO, <br><br>Petitioners, <br><br>v. <br><br>TODD LYONS, *et al*., <br><br>Respondents. | Case No. 2:25-cv-02240-RFB-EJY <br><br>**ORDER** |

I. INTRODUCTION

This case is one of a rapidly growing number before this Court challenging the federal government's reading of the Immigration and Nationality Act (INA) to authorize mandatory detention of all noncitizens charged with entering the United States without inspection.[1] The

---

[1] This Court has already granted petitioners relief—both preliminary and on the merits—in thirty-five similar challenges. See Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY 2025 WL 3205356 (D. Nev. Nov. 17, 2025); see also Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792 (D. Nev. Sept. 5, 2025); Maldonado Vazquez v. Feeley, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); Roman v. Noem, No. 2:25-CV-01684-RFB-EJY, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); Carlos v. Noem, No. 2:25-CV-01900-RFB-EJY, 2025 WL 2896156 (D. Nev. Oct. 10, 2025); E.C. v. Noem, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264 (D. Nev. Oct. 14, 2025); Perez Sanchez v. Bernacke, No. 2:25-CV-01921-RFB-MDC (D. Nev. Oct. 17, 2025); Aparicio v. Noem, No. 2:25-CV-01919-RFB-DJA, 2025 WL 2998098 (D. Nev. Oct. 23, 2025); Dominguez-Lara v. Noem, No. 2:25-CV-01553-RFB-EJY, 2025 WL 2998094 (D. Nev. Oct. 24, 2025); Bautista-Avalos v. Bernacke, 2:25-CV-01987-RFB-BNW (D. Nev. Oct 27, 2025); Arce-Cervera v. Noem, No. 2:25-CV-01895-RFB-NJK, 2025 WL 3017866 (D. Nev. Oct. 28, 2025); Alvarado Gonzalez v. Mattos, No. 2:25-CV-01599-RFB-NJK (D. Nev. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, No. 2:25-cv-01551-RFB-EJY, 2025 WL 3072687 (D. Nev. Nov. 3, 2025); Mendez v. Noem, No. 2:25-cv-02602-RFB-MDC, 2025 WL 3124285 (D. Nev. Nov. 7, 2025); Cornejo-Mejia v. Bernacke, No. 2:25-cv-

1  executive branch now takes the position that the INA, specifically 8 U.S.C. § 1225(b)(2)(A),
2  requires the detention of all undocumented individuals during the pendency of their removal
3  proceedings, which can take months or years. According to this interpretation, detention without
4  a hearing is mandatary, no matter how long a noncitizen has resided in the country, and without
5  any due process to ensure the government has a legitimate, individualized interest in detaining
6  them.
7       According to a leaked internal memo, the Department of Homeland Security (DHS), in
8  conjunction with the Department of Justice (DOJ) adopted this new legal position on a nationwide
9  basis on July 8, 2025.[2] It subjects millions of undocumented U.S. residents to prolonged detention
10 without the opportunity for release on bond, in contravention of decades of agency practice and
11 robust due process protections hitherto afforded to such residents under 8 U.S.C. § 1226(a).[3] On

02139-RFB-BNW, 2025 WL 3222482 (D. Nev. Nov. 18, 2025); Lucero Ortiz v. Bernacke, No. 2:25-cv-01833-RFB-NJK, 2025 WL 3237291 (D. Nev. Nov. 19, 2025); Sales v. Mattos, No. 2:25-cv-01819-RFB-BNW, 2025 WL 3237366 (D. Nev. Nov. 19, 2025); Duran v. Bernacke, No. 2:25-cv-02105-RFB-EJY, 2025 WL 3237451 (D. Nev. Nov. 19, 2025); Cabrera-Cortes v. Knight, No. 2:25-cv-01976-RFB-MDC, 2025 WL 3240971 (D. Nev. Nov. 20, 2025); Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025); Garcia-Arauz v. Noem, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); Silva Hernandez v. Noem, No. 2:25-cv-02304-RFB-EJY, 2025 WL 3470903 (D. Nev. Dec. 3, 2025); Cristobal v. Bernacke, No. 2:25-cv-02231-RFB-EJY, 2025 WL 3485770 (D. Nev. Dec. 4, 2025); Carrillo Fernandez v. Knight, No. 2:25-cv-02221-RFB-BNW, 2025 WL 3485800 (D. Nev. Dec. 4, 2025); Torres v. Bernacke, No. 2:25-cv-02270-RFB-EJY (D. Nev. Dec. 8, 2025); Nolasco-Gomez v. Noem, No. 2:25-cv-02217-RFB-DJA (D. Nev. Dec. 8, 2025); Ramirez-Contreras v. Noem, No. 2:25-cv-02218-RFB-EJY (D. Nev. Dec. 8, 2025); Rodas v. Noem, No. 2:25-cv-02216-RFB-BNW (D. Nev. Dec. 8, 2025); Perdomo-Gonzalez v. Noem, No. 2:25-cv-02121-RFB-EJY (D. Nev. Dec. 8, 2025); Hernandez Isidoro v. Bernacke, No. 2:25-cv-02312-RFB-NJK (D. Nev. Dec. 8, 2025); Serrano Gonzalez v. Knight, No. 2:25-cv-02081-RFB-BNW, 2025 WL 3524774 (D. Nev. Dec. 9, 2025); Morales Rondon v. Bernacke, No. 2:25-cv-01979-RFB-BNW, 2025 WL 3527246 (D. Nev. Dec. 9, 2025); Marquez v. Knight, No. 2:25-cv-02203-RFB-NJK, 2025 WL 3527244 (D. Nev. Dec. 9, 2025); Flores-Garcia v. Bernacke, No. 3:25-cv-00688-RFB-CSD, 2025 WL 3527247 (D. Nev. Dec. 9, 2025); Garcia Soto v. Knight, No. 2:25-cv-02138-RFB-BNW (D. Nev. Dec. 10, 2025).

[2] See ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025), https://perma.cc/5GKM-JYGX.

[3] See Kyle Cheney & Myah Ward, Trump's new detention policy targets millions of immigrants. Judges keep saying its illegal., Politico (Sept. 20, 2025 at 4:00 p.m. EDT), https://www.politico.com/news/2025/09/20/ice-detention-immigration-policy-00573850, https://perma.cc/L686-E97L.

September 5, 2025, the Bureau of Immigration Appeals (BIA) issued a precedential decision adopting this new interpretation of the government's detention authority under the INA. See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). After Hurtado, immigration judges no longer have authority to hear bond requests or grant bond to noncitizens present in the U.S. who entered without inspection. Id.

The overwhelming majority of district courts across the country, including this Court, that have considered the government's new statutory interpretation have found it incorrect and unlawful. See Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) (finding "that the plain meaning of the relevant statutory provisions, when interpreted according to fundamental canons of statutory construction," as well as the legislative history and decades of consistent agency practice establish "that the government's new interpretation and policy under [§ 1225(b)(2)(A)] is unlawful."); see also, Patel v. McShane, No. CV 25-5975, 2025 WL 3241212, at *1 (E.D. Pa. Nov. 20, 2025) (collecting at least 282 decisions from district courts finding the application of §1225(b)(2)(A) to noncitizens residing in the United States unlawful). A nationwide class has also been certified, and declaratory relief granted to all class members holding that they are being detained without a bond hearing unlawfully.  See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025); Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Petitioner is currently detained without the opportunity for release on bond in the custody of Federal Respondents at Nevada Southern Detention Center (NSDC), pursuant to this new detention "policy." He asserts the application of § 1225(b)(2) to him is unlawful under the INA. Petitioner seeks a Writ of habeas corpus requiring that he be released unless Respondents provides him with an individualized bond hearing under § 1226(a). For the reasons set forth below, the Petition is granted and the Court orders Respondents to provide Petitioner a constitutionally adequate bond hearing by **December 17, 2025**, or release him.

II.    PROCEDURAL HISTORY

On November 13, 2025, Petitioner filed his Petition for a Writ of Habeas Corpus. ECF No. 1. On November 17, 2025, this case was transferred to the undersigned Judge as related to three pending punitive class actions pending before the Court. ECF No. 11. On November 18, 2025, the Court ordered Respondents to show cause why the Writ should not be granted. ECF No. 12.

On November 20, 2025, Respondents' counsel filed a notice of appearance and motion to extend time to file a response to the Order to Show Cause, citing the need for additional time due to counsel's urgent, unexpected medical leave and competing deadlines. ECF No. 14. Petitioner opposed the requested extension of time, stating that Respondent could use the time she has before her medical leave starts to draft a response, and arguing that no circumstances presented by the respondents' counsel should outweigh unlawful detention of the Petitioner. ECF No. 16.

Respondents filed their response to the Order to Show Cause on November 26, 2025. ECF No. 17. On November 28, 2025, Respondent John Mattos filed a joinder to Respondents' Motion to Extend Time. ECF No. 18. On the same day, counsel for Respondents filed a notice of appearance. ECF No. 19. On December 3, 2025, Petitioner filed a Reply in support of the Petition. ECF No. 20. On December 4, 2025, Respondent John Mattos filed a Joinder to Respondents Response to Order to Show Cause. ECF No. 21.

### III.   BACKGROUND

#### A.  Legal Background

The Court fully incorporates by reference the legal background regarding the government's detention authority and removal proceedings under the INA, as well as the government's new statutory reading and mass detention "policy," set forth in its ruling in Escobar Salgado, 2025 WL 3205356, at *2-6 (D. Nev. Nov. 17, 2025).

#### B.  Petitioner Quinonez

The Court makes the following findings of fact relevant to Petitioner. Mr. Quinonez is a citizen of Guatemala who has resided continuously in the United States since entering without inspection in 2013. ECF No. 1 at 10. He currently lives in Utah and is married to a U.S. Citizen and has two U.S. Citizen children, ages 10 and 5. Id. Petitioner has an approved I-130, spoused-

1  based family petition, and an approved I-601A, Provisional Waiver for Unlawful Presence. Id.
2  Approval of the latter requires a finding that Petitioner's U.S. citizen spouse would suffer extreme
3  hardship if there was a prolonged separation between the pair. Id. He is presently in the final stages
4  of obtaining a visa to permanently reside in the United States and is awaiting a consular interview
5  in Guatemala. Id.

6  On September 17, 2025, Petitioner was apprehended by Iron County Sherriff's Office due
7  to allegations of simple assault and interruption of a communication device, and with driving with
8  a denied license (a Class C misdemeanor). ECF No. 1 at 10. On or around September 20, 2025, he
9  was taken into custody by ICE and has been detained since at NSDC. Id.

10  ICE has commenced removal proceedings against Petitioner, charging him with *inter alia,*
11  being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen who entered the United States
12  without being admitted or paroled. Id. He was denied bond on October 28, 2025, by the Las Vegas
13  Immigration Court due to Hurtado. Id. at 11. Petitioner reserved appeal. Id. Further, Petitioner
14  asserts that he is *prima facie* eligible for Cancellation of Removal based on his long-term presence
15  in the United States, his good moral character, his lack of disqualifying convictions, and the fact
16  that he can potentially show his U.S. citizen spouse or one of his U.S. citizen children will suffer
17  exceptional and extremely unusual hardship in the event that he is removed. Id.

### IV.    LEGAL STANDARDS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); see also Demore v. Kim, 538 U.S. 510, 517 (2003); Trump v. J. G. G., 604 U.S. 670, 672 (2025) (describing immigration detainees' challenge to their confinement and removal as falling "within the 'core' of the writ of habeas corpus.") (*per curiam*) (citations omitted). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## V.   DISCUSSION

As an initial matter, the Court grants Respondents' Motion to Extend Time (ECF No. 14) to file their Return, *nunc pro tunc*. Under Federal Rule of Civil Procedure 6(b), a court may "for good cause," extend a deadline so long as the request is made before the original deadline. Fed. R. Civ. P. 6(b)(1)(A). The Court finds that this request was made prior to the Respondents' original deadline of November 21, 2025, and that there was good cause sufficient to grant Respondents' extension to November 26, 2025, given counsel's family medical emergency.

### A. Jurisdiction

The Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025). In evaluating the jurisdiction stripping provisions of the INA, the Court is guided "by the general rule to resolve any ambiguities in a jurisdiction-stripping statue in favor of the narrower interpretation and by the strong presumption in favor of judicial review." Arce v. United States, 899 F. F.3d 796, 801 (9th Cir. 2018) (*per curiam*) (internal quotations and citations omitted). Respondents do not challenge the Court's jurisdiction over the instant case.

### B. Statutory Question

Petitioner Quinonez challenges the lawfulness of his detention under the INA. While Respondents assert that § 1225(b)(2) applies to Petitioner and mandates his detention without a bond hearing, Petitioner argues Respondents' interpretation of the statutory scheme of §§ 1225 and 1226 is flawed, contradicting both the statutory framework and the decades of agency practice applying § 1226(a) to people like Petitioner. This Court agrees with Petitioner and incorporates by reference its holding and findings in Escobar Salgado v. Mattos. 2025 WL 3205356, at *10-22.

Petitioner is a longtime U.S. resident—he has been in the United States for twelve years—who was arrested by ICE in his state of residence, Utah, far from any port of entry. In addition, Petitioner has no criminal convictions that would subject him to detention under § 1226(c). Accordingly, the Court finds Petitioner is subject to detention under § 1226(a) and its implementing regulations, not § 1225(b)(2)(A), and that the government's new interpretation and policy under that provision is unlawful. See Escobar Salgado, 2025 WL 3205356, at *10-22.

### C. Scope of Relief

The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall . . . dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

Here, Petitioner faces the specific harm of being detained for months without a bond hearing pursuant to § 1226(a). The Court finds that harm is remedied by ordering a bond hearing by December 17, 2025. Given the liberty interest at stake, if a bond hearing is not provided promptly within that time frame, Petitioner shall be immediately released until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

### D. Attorneys' Fees

The Court defers on ruling on the matter of attorneys' fees and costs. Should Petitioner's counsel wish to pursue a claim for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), they are instructed to file a separate motion on the issue in accordance with LR 54-14.

## VI. CONCLUSION

Based on the foregoing **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **December 17, 2025**.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, in the event that bond is granted, the Court **ORDERS** that Respondents are enjoined from invoking the automatic stay to continue Petitioners' detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

In the event that bond is granted, Respondents are **ORDERED** to immediately release Petitioner. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and therefore, the Court **FURTHER ORDERS** that Petitioner be afforded 45 days from the date of release to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by December 17, 2025, Petitioner shall be immediately released until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing by December 18, 2025. The status report shall detail if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS FURTHER ORDERED** that Respondents' Motion to Extend Time (ECF No. 14) is **GRANTED**, *nunc pro tunc*.

**DATED:** December 10, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**